UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN E MALDONADO-LUX,

                Petitioner,

    v.

JULIO HERNANDEZ, ET AL,

                Respondent.

Case No. 2:26-cv-02270-TLF

ORDER GRANTING HABEAS CORPUS IN PART; ORDER DENYING MOTION FOR PRELIMNARY INJUNCTION AS MOOT

Petitioner, Juan E. Maldonado-Lux, through counsel, has filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently detained at the Northwest ICE Processing Center (NWIPC). *Id.*

Petitioner is a citizen of Guatemala and on April 17, 2026, an immigration judge ("IJ") denied his request for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), ordered him removed to Guatemala but granted his petition for withholding of removal under the Convention Against Torture ("CAT"), finding it was more likely than not that he would be tortured if removed to the proposed country of removal. Dkt. 11, Declaration of Lawrence Van Daley ("Daley Decl."), Ex. 2.

Petitioner asserts that on or about June 26, 2026, respondents began the process of third-country removal proceedings to remove him to Mexico by conducting a

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 1

reasonable fear interview concerning petitioner's fear of removal to Mexico. *Id*. at 8; Dkt. 10, Van Daley Decl. at Ex. 3. He was told that he had not established it was more likely that not he that he would be persecuted or tortured in Mexico and would be removed to Mexico imminently. *Id*.

Petitioner contends respondents violated the Due Process Clause by failing to provide constitutionally adequate procedures before determining they would remove him to Mexico. *Id*. Specifically, petitioner argues respondents failed to provide meaningful written notice of the proposed country of removal and a meaningful opportunity to present his Mexico-specific fear claim, and his claim that removal to Mexico would create a substantial risk of onward removal to Guatemala. *Id*.

He does not consent to being removed to Mexico and notes that, in 2012, Mexican officials had previously returned him and his family to Guatemala. *Id.* He argues his continued detention is not reasonably related to a lawful removal purpose, and requests release under appropriate conditions of supervision. *Id.* at 16.

Respondents oppose the petition and claim they "provided constitutionally and statutorily adequate process" because they provided a notice of the designated country of removal on June 24, 2026, referred petitioner to U.S. Citizenship and Immigration Services ("USCIS") for a reasonable fear interview on June 26, 2026, and USCIS determined on Juny 29, 2026 that petitioner did not establish the requisite risk of persecution or torture. Dkt. 9 at 7.

Petitioner seeks: (a) release; (b) a declaration respondent's threatened removal violates the INA, Due Process Clause, Convention Against Torture, and the Foreign Affairs Reform and Restructuring Act.; (c) a declaration that petitioner's individual

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 2

request for emergency injunctive relief is not barred by the pendency of the *D.V.D.* class action, (d) prospective injunctive relief, prohibiting respondents from removing petitioner to Mexico or any other third country unless and until respondents provide constitutionally adequate procedures, including meaningful written notice of the proposed country of removal and a meaningful opportunity to present his country-specific fear claim and chain-refoulement claim before an Immigration Judge; (e) an order prohibiting respondents from removing petitioner to Mexico unless and until respondents provide constitutionally adequate procedures to address the substantial risk that removal to Mexico will result in petitioner's direct or indirect refoulement to Guatemala; and (f) an award of attorney's fees. *Id.*

The parties unanimously consent to proceed before a Magistrate Judge. Dkt. 5. For the reasons below, the Court GRANTS the habeas petition IN PART. The Court also now DENIES petitioner's TRO motion (Dkt. 2) as MOOT.

## BACKGROUND

On October 28, 2012, U.S. Border Patrol encountered petitioner, a juvenile, and placed him in removal proceedings under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Dkt. 10, Declaration of DO Officer Christopher Hubbard ("Hubbard Decl.") at ¶ 4-6. He was sent to a youth shelter, and then ultimately released to an approved sponsor. *Id*. ¶ 7.

On November 8, 2025, petitioner was arrested by the Pasco County Sherriff's office for street racing/stunt driving in violation of Florida Statue § 316.191.2. *Id*. ¶ 11. He was taken into immigration custody on November 11, 2025. *Id*. ¶ 11, 13.

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 3

On April 17, 2026, the IJ denied petitioner's application for asylum and withholding under the INA, order petitioner removed to Guatemala but granted petitioner's withholding of removal under CAT. Dkt. 10, Hubbard Decl. ¶ 15.

On June 24, 2026, ERO Tacoma spoke with petitioner and allegedly served him a notice of third-country removal to Mexico. *Id*. at 17. Although there is a no official notice of removal in the record, there is a Third Country Screening Notice dated June 26, 2026, stating that petitioner failed to establish it was more likely than not that he would be persecuted or tortured in Mexico. Dkt. 11, Van Daley Decl. at Ex. 3.

The notice is unsigned by petitioner and was completed by a DHS asylum officer. *Id*. Petitioner claimed fear of removal and respondents assert that the claim was referred to USCIS for a fear screening and came back negative. Dkt. 10, Hubbard Decl. ¶ 17-18. Respondents state that they intend to pursue petitioner's removal to Mexico if no legal impediment prevents such removal. *Id*. ¶ 20.

## DISCUSSION

### A. Third Country Removal

The INA dictates the countries to which a noncitizen may be removed after a final order of removal is issued. *Jama v. ICE*, 543 U.S. 335, 338–41 (2005); *Dzyuba v. Mukasey*, 540 F.3d 955, 956 (9th Cir. 2008) (per curiam). In order of priority, a noncitizen may be removed to (1) a country designated by the noncitizen; (2) a country of which the noncitizen is a subject, national, or citizen; or (3) a country with which the noncitizen has a lesser connection. 8 U.S.C. § 1231(b)(2). If the above options are "impracticable, inadvisable, or impossible," the noncitizen may be removed to "another

country whose government will accept the alien into that country." 8 U.S.C. § 1231(b)(2)(E)(vii); *Jama*, 543 U.S. at 341.

The government is prohibited from removing a person to a third country where they may be persecuted or tortured. Section 1231(b)(3)(A); 8 CFR §§ 208.16–208.17, 1208.16–1208.17.

Petitioner remains subject to a valid final order of removal notwithstanding the grant of CAT protection as to Guatemala. *Johnson v. Guzman Chavez*, 594 U.S. 523, 530–31 (2021) (explaining that a grant of withholding "only prohibits removal of the petitioner to the country of risk but does not prohibit removal to a non-risk country").

Respondents contend their notice to petitioner of their intention to remove him to Mexico and interview satisfy the relevant constitutional and statutory requirements.

In *Aden v. Nielson*, 409 F. Supp. 3d 998, 1019-20 (W.D. Wash. 2019), the court held that, in order to remove a noncitizen to a country not designated by the IJ, Due Process requires that DHS must: (1) provide written notice, including statutory basis of the designation; (2) ask the noncitizen whether they fear persecution or harm upon removal and memorialize the response in writing; (3) if they express fear of persecution or harm, "DHS must inform the noncitizen that he or she may seek asylum, withholding, and relief under the CAT by filing a motion to reopen with the immigration courts"; and (4) DHS must provide the noncitizen with adequate time to prepare and file a motion to reopen, to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT. *Id.* at 1019-20. The court also held that allowing a noncitizen to file a motion to reopen after notice of removal does not satisfy Due Process -- removal proceedings must be reopened to permit the noncitizen to present country-

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 5

specific protection claims before an IJ.  *Id*. at 1010-11; *see also Nguyen v. Scott*, 796 F. Supp. 3d 703, 727-28 (W.D. Wash. 2025). Although the judgment in *D.V.D. v. U.S. Dep't of Homeland Sec.,* No. CV 25-10676-BEM, 2026 WL 521557, at *28–31 (D. Mass. Feb. 25, 2026*)* has been stayed pending appeal in the First Circuit, the Court finds the reasoning of these decisions persuasive and adopts them.

Here, petitioner was informed ICE intended to remove him to Mexico; then he was subject to a screening conducted by a DHS asylum officer. Yet respondents have not demonstrated that petitioner received constitutionally adequate notice or a meaningful opportunity to present his Mexico-specific fear claim and his claim that removal to Mexico could result in onward removal to Guatemala before an IJ.

The Third Country Screening Notice states that petitioner failed to establish a likelihood of persecution or torture in Mexico. Dkt. 11, Van Daley Decl. at Ex. 3. The notice has no additional content, other than identifying Mexico as the intended place of removal, on the notice or other documents. There is no evidence petitioner was provided with any of the requisite processes, and the purported notice fails to satisfy the requirements of Due Process.

## B. Petitioner is Entitled to Injunctive Relief

"A plaintiff or petitioner 'seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 6

injunction.'" *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Considering the foregoing, petitioner has met the requirements for injunctive relief.

For the first requirement, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)(citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Ninth Circuit has recognized that the government must provide notice and a hearing that meets the requirements of Due Process before ordering removal to a third country. *See Andriasian v. I.N.S.,* 180 F.3d 1033, 1041 (9th Cir. 1999); *see also Ibarra-Perez v. United States,* 154 F.4th 989, 995, 997 (9th Cir. 2025) (jurisdiction-stripping statute did not prevent the federal courts from exercising jurisdiction over a FTCA tort claims grounded on Fifth Amendment Due Process violation under *Andriasian*).

For the second requirement, when a petitioner is to be "'removed from the United States to the custody of a foreign sovereign'" . . . "the legal remedies by which Petitioner might redress this harm would be substantially diminished, if not extinguished entirely." *Elshourbagy v. Bondi*, 817 F. Supp. 3d 1102, 1116 (W.D. Wash., 2025) (quoting *AARP v. Trump*, 605 U.S. 91, 93 (2025)). The *Elshourbagy* court also noted respondents' policies (such as the July 9, 2025, ICE Memorandum), "fall far short of what court[s] in this District and Circuit have held that due process requires." *Id.* at 1115. Remedies such as monetary damages are clearly "inadequate to compensate for that injury." *eBay*, 547 U.S. at 391.

For the third and fourth requirements, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022). And "because the requested injunction seeks only to

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 7

require respondents to abide by established legal precedent, they incur no significant hardship and the 'public interest would not be disserved by a permanent injunction.'" *Francisco Lorenzo v. Bondi*, 2026 WL 237501, at *10 (W.D.Wash., 2026) (quoting *eBay*, 547 U.S. at 391).

Because petitioner has standing to raise the third-country removal issue and has demonstrated that injunctive relief is warranted, the Court **GRANTS** petitioner's habeas corpus petition in part, and prohibits respondents from pursuing any third country removal unless and until proper notice is given and a full and fair hearing with Due Process protections is conducted first; the request for temporary injunctive relief (Dkt. 2) is therefore moot.

Furthermore, the Court declines to exercise its discretion to dismiss petitioner's claims based on the ongoing proceedings in *D.V.D*. *See Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) (rejecting defendants' "argument that a discrete, individual claim for injunctive relief may be delayed because a pending class action seeks systemic reform relating to the same general subject matter.").

### C. Petitioner's Request for Immediate Release under *Zadvydas*

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely. *See Zadvydas v. Davis*, 533 U.S. 678, 698–99 (2001); *see also* 8 U.S.C. § 1231(a). If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention. *See Zadvydas*, 533

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 8

U.S. at 701. The final order of removal was issued on April 17, 2026, and thus the presumptively reasonable period has not passed. Although petitioner's detention lacks a certain end date, that "uncertainty alone does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Prieto-Romero v. Clark,* 534 F.3d 1053, 1063 (9th Cir. 2008).

While CAT protection prohibits his removal to Guatemala, his final order of removal remains valid. Although petitioner opposes being deported to Mexico, he has offered no evidence that ICE cannot remove him to another country and thus has not met his burden that "no significant likelihood" exists of "removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. On the present record, petitioner has not established that removal is not reasonably foreseeable or that his detention is no longer reasonably related to the government's legitimate interest in effectuating removal. *See Prieto-Romero v. Clark*, 534 F.3d at 1064. Petitioner's request for relief of immediate release from detention pursuant to *Zadvydas* is DENIED without prejudice.

**CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED IN PART and DENIED IN PART:

1.  Petitioner's request for immediate release is DENIED.

2.  The Court declares petitioner's individual request for emergency injunctive relief is not barred by the pendency of the *D.V.D.* class action.

3.  **Respondents are prohibited from determining that petitioner should be sent to Mexico or another third country, unless and until respondents give petitioner notice and a full and fair hearing**

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 9

**before an Immigration Judge, with meaningful opportunity to respond, and evaluation of the merits of petitioner's claim(s), consistent with Due Process**. *Aden v. Nielson*, 409 F. Supp. 3d 998, 1019-20 (W.D. Wash. 2019); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727-28 (W.D. Wash. 2025). Administrative screening is not a hearing and does not give Due Process. **Petitioner must not be deported to Mexico or another third country unless or until proper notice is given and an Immigration Judge conducts a Due Process hearing and makes the required determination under § 1231(b)(3)(A).**

4.  The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

5.  Petitioner's TRO motion, which sought to prevent "Respondents from removing Petitioner to Mexico pending adjudication of his Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (Dkt. 2 at 2) is DENIED as MOOT.

Dated this 5th day of August, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING HABEAS CORPUS IN
PART; ORDER DENYING MOTION FOR
PRELIMNARY INJUNCTION AS MOOT - 10